NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY ROBERT SHIRLEY, *Appellant.*

No. 1 CA-CR 17-0352
FILED 6-28-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2016-001822-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Barbara L. Hull, Attorney at Law, Phoenix
By Barbara L. Hull
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**M O R S E**, Judge:

¶1        Jeffrey Robert Shirley ("Shirley") appeals his convictions and sentences.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        On April 12, 2016, the State indicted Shirley for six counts of criminal damage resulting in an imminent safety hazard to any person (counts 1 through 6); production of marijuana (count 7); possession or use of marijuana (count 8); five counts of obtaining a utility service fraudulently (counts 9 through 13); and possession of drug paraphernalia (count 14).

¶3        Shirley represented himself at trial, with the assistance of advisory counsel.  At the final trial management conference, Shirley agreed to wear a leg brace to keep him from "wandering around" the courtroom and agreed that his advisory counsel would assist him with any tasks requiring him to move in order to keep the leg restraints concealed.  When asked whether he had concerns about the procedures outlined for trial, Shirley stated, "No, not really.  I just want to play it by ear."  Shirley did not raise any objection to the restraints during trial.

¶4        During trial, Shirley pled guilty to counts 8 and 14.  The jury found him guilty of counts 3, 4, 5, and 7, and acquitted him of the remaining counts.  At sentencing, the trial court dismissed Shirley's conviction on count 8 because it was duplicative of count 7.  The court sentenced Shirley to concurrent terms of four months in the Maricopa County jail on counts 3, 4, and 5, and concurrent terms of one year in the Department of Corrections on counts 7 and 14.

¶5        We have jurisdiction over Shirley's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A).

### DISCUSSION

¶6        The sole issue that Shirley argues on appeal is whether the requirement that he wear a leg brace during trial deprived him of a fair trial.  "Matters of courtroom security are left to the discretion of the trial court." *State v. Davolt*, 207 Ariz. 191, 211, ¶ 84 (2004).  "We will uphold a trial court's decision concerning trial security measures when the decision is supported by the record." *Id.*  Courts may not "'place defendants in shackles or other physical restraints *visible to the jury*' during a trial absent a case specific

2

finding of a security concern." *State v. Dixon*, 226 Ariz. 545, 551, ¶ 22 (2011) (quoting *Deck v. Missouri*, 544 U.S. 622, 633 (2005)) (emphasis in original).

¶7          Shirley did not object to the use of restraints during trial. When a party fails to object to an alleged error, the Court will review only for fundamental error. *See Dixon*, 226 Ariz. at 551, ¶ 24 (reviewing stun-belt issue for fundamental error because the appellant failed to object in the trial court). Under fundamental error review, Shirley must prove: (1) error occurred, (2) the error was fundamental, and (3) the error caused him prejudice. *State v. Henderson*, 210 Ariz. 561, 568, ¶¶ 22-24, 26 (2005).

¶8          Relying solely on *United States v. Sanchez-Gomez*, 859 F.3d 649, 666 (9th Cir. 2017), *vacated and remanded by United States v. Sanchez-Gomez*, 138 S. Ct. 1532 (2018), Shirley argues that the superior court's failure to evaluate specific security needs before allowing restraints constituted reversible error. However, *Sanchez-Gomez* only addressed the propriety of pretrial shackling and did not address or alter the standards for shackling at trial or the need to find prejudice from shackling to "justify reversal of a conviction in a direct appeal." 859 F.3d at 656. Moreover, the Supreme Court vacated the Ninth Circuit's decision in *Sanchez-Gomez*, so we may turn to the well-established criteria for evaluating Shirley's claim.

¶9          While Arizona precedent requires courts to make case-specific determinations about security concerns before authorizing visible restraints, no basis for reversal exists absent a showing that the jury was aware of the use of restraints. *See Dixon*, 226 Ariz. at 552, ¶ 27 ("The central issue here is thus whether the restraints were visible."). Because Shirley did not object to the leg brace below, under fundamental error review he must show that it was visible to the jury. *Id.* at ¶ 30. Leg braces are typically worn under the defendant's clothes, and there is no evidence here that the jury either saw the leg brace or inferred that Shirley wore one. *See id.* at ¶¶ 28-29 (finding no due process violation where defendant did not demonstrate that the leg brace was visible to the jury). Shirley did not object to the leg brace, and expressly conceded that the leg brace would be "no problem." When Shirley testified, the court ensured that the jury was not present when he entered and exited the witness stand. Though Shirley contrasts his limited movements with the movements of prosecutors and witnesses during trial, he does not assert that these contrasts indicated to the jury that he was wearing restraints. Under these circumstances, we find no fundamental error.

## CONCLUSION

¶10      For the foregoing reasons, we affirm Shirley's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA